Are you? No, we have a substitute counsel, I believe. Oh, yeah. And your name, I'm sorry. May it please the Court. Thank you, Your Honors. My name is Lori Koch. It is not Richard Coghlan. And I represent the appellant, Rodney Smalley, in this case. Are you an assistant federal public defender? Yes, I am. And I have requested, and I would again request, three minutes for rebuttal. Thank you, Your Honors. I just want to start with the relevant facts of this case, which are that my client, Rodney Smalley, robbed a bank. He accomplished it by walking into the bank, handed the teller a note, which said, give me all the money now or I will stab you, and said to the teller, I want the money, I got a knife. And the knife was in the pocket or remained out of view at all times. Exactly. And that's, from my perspective, that's an important fact of this case. Well, interestingly, both you and the government agree that the brandishing or possession enhancement was the appropriate one, although the judge didn't agree. You know, I just wonder if you're not spinning your wheels, because you want a resentencing, and the court, whether it could do it or not, made it perfectly clear what it would do anyhow with the sentence, even if it accepted your view of the guidelines. And the Supreme Court of the United States, just two days ago, even I could understand that we shouldn't mess around too much with district court sentences. So, I mean, if you go back, you're going to get the same sentence. Well, Your Honor, there are a couple points that I would like to make in response to that. First of all, this judge, Judge Kugler, and I were on trial in another matter when this sentencing occurred, and I recall that, as is usual, everybody was very busy. I think that even given the new Supreme Court pronouncements from this week, Kimbrough and Gall, that still the first important step is to properly calculate the guidelines, and I think Gall said that the guidelines are still a factor. They represent years of discretion and experience. But he said if I was wrong, I'd still come out with that sentence. So, I mean, I understand. They did say to calculate it correctly. No doubt, I read them. Okay, we send it back. He said, okay, I was wrong, but I made it clear before and I make it clear now. This is the sentence I think it ought to be. Here's why I think the record in this case is different from that situation, and I understand there are those situations, because here the judge clearly thought he had properly applied the guidelines and said in the record at record page 73, he said, I do think a guideline sentence is called for in this case. That's pages 73 to 74. And then if one looks at the amended judgment that he filed in the record at page 10, first of all. The sentence would end up being an upward departure, correct? It would be, exactly. Because the range as he anticipated using the four level was 57 to 71. Correct. But had he gotten the first step right, the range would have been 51 to 63, and he would have had to justify the 71 somehow. Is that correct? That's correct, exactly. And so the additional evidence in this record that the judge thought that he was imposing a guideline sentence is taken from the amended judgment in the statement of reasons. The statement says the sentence is within the guideline range. That range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines. So, Your Honors, to me that means that this judge thought he had applied a guideline sentence to Mr. Smalley, and he clearly says there are no reasons to depart from the guidelines, which is why I think, Judge Greenberg, that this is a different situation than where a court says, and if I had made a mistake, I would have imposed the same sentence anyway. That's not what this judge said. So at least there's some conflict or inconsistency that perhaps he wasn't thinking about. Now, did you get notice of this letter? Did you know that this was happening? Because this procedure seems a little bit strange to me. Perhaps it's permitted by the local rule, but if it's an amendment, it doesn't seem to be permitted. Your Honor, I did receive notice of the letter. I didn't respond because I felt that, and in retrospect, I absolutely wish I had, and I wish I had objected, but I felt that the judge would not put that on the record because I felt that the judge would not amend the judgment that it would stand as it was that he had imposed the sentence. I didn't believe that he would say under 3553A I would impose the same sentence, but ultimately and obviously he did do that, albeit outside of the time limit. I also recall when I got that letter thinking this is not a Rule 35 issue. This is not arithmetical or technical or other clear error. But how about under appellate rule? And I think this is clearly outside local appellate rule 3.1, which allows a court to later file an amplification of— first of all, it allows a judge to file a written opinion or an amplification of a prior opinion ruling. I'm not sure we're reading the same thing because I've got here the brief of the government, and it's accurate because it quotes page 7 of the appendix. And page 7 of the appendix says this, and I read this at the time, and I picked up the error the government made on the if. It says the court notes that—and I'm going to read it in an if— that if it ruled in favor of the enhancement warranting only a three-level reduction instead of a four-level reduction, the court would have imposed the same sentence. So what he's saying is if I was wrong about the guidelines, my sentence still would have been the same. I mean, to me that's perfectly clear what—I mean, it's not a three-level reduction. It's an enhancement. Yeah, it's an enhancement. It's an enhancement. So the court ruled—the way you have to read it is the court ruled— that if it ruled in favor of the enhancement warranting only a three-level enhancement instead of a four-level enhancement, the court would have imposed the same sentence. So that even if the judge was wrong on this brandishing point, he said he would have come out the same way. So if we send it back—he's telling us, maybe I was wrong. Maybe it's not within the range, but I still would have given it. And now the Supreme Court says he can do that pretty much. Then he explained why, too, with the sentencing, why he thought it was appropriate. Who explained why? I thought the judge at the sentencing was pretty careful to indicate— That's an interesting point because I looked at the appendix this morning to see what the judge said because the government makes the argument that, well, this guy had a horrible prior record. In fact, Judge Kugler mentioned that only one time at page 73. And in no way, if this court were to read through his ruling again, which begins on page 71, he runs through the 3553A factors and mentions that bank robbery is a bad crime and refers to the fact that Mr. Smalley has a horrible record. And that's—one paragraph is the amount of time that the judge spends on that issue. What he doesn't say, but which the government does say, is that these convictions were— he never once says, well, these were too old to be counted, but I think they should still be counted. He doesn't say that. There is no way you can tell from this record why the judge thought an upward departure was called for. And— Well, and in fact, he didn't. He didn't upward depart. He said guideline. He said guideline sentence is called for. Right, but the effect, from Mr. Smalley's perspective, was more of a sentence than what he would otherwise have done. And on this record, there is no explanation of the reasons why he would have upwardly departed or upwardly buried. And, Your Honor, the problem, I think, with the process, the procedure the judge applied in this case, is that in any situation—the guidelines are, in my experience, almost always the important starting point for imposing sentence. And if a judge makes a mistake in terms of setting a loss amount, if this is a money case, in setting the amount of drugs, finding that something was, quote, in connection with another felony, and then chooses to say on that record a perfunctory statement, well, and in case I'm wrong about that, I would impose the same sentence anyway. Your Honor, as I submit, that's what occurred in this case, and that makes a mockery of the system. It's not due process. Judges do that all the time at trials when they give an opinion, and they say, but even if I had found differently on this fact, it would have come out the same. But, you know, notice the Supreme Court, I think, used the word variances rather than departures in its opinion. And I don't know. They didn't make an analysis. We have cases. When I first saw it, I couldn't see the distinction, but I understand it now. Variances, well, you're not following it. Departure is what we're changing it somehow. I don't know. But it's sort of that's what he was doing. He was on a variant. But it's not clear from the record that that's what he was doing because he didn't say I'm varying from the guidelines. What he said is a guideline sentence is called for given all the facts of this case. But then he said it wasn't because he said he would have reached the same. Well, first of all, jurisdictionally, I would argue that the court can't even consider what he did say in the amended judgment because that was two weeks later. I understand that. Does that have to be said in open court under 3553C, that amplification, or whatever you want to call it, the letter? 3553C, I'm not. 18 United States Code 3553C requires the court to state the reasons for a sentence in open court. The defendant has to be there. Yes, I think that's right. How far, I'm curious, how far can you go under local appellate rule 3.1? You know, if I'm a sentencing judge, could I say this? Could I add additional reasons? Do you follow what I'm getting at? Yes, and I think the case law on that topic is clear. And even the cases the government cites make it clear that local rule 3.1, and I'm not exactly sure of the language, it's looked upon with disfavor. It's discouraged that courts file opinions after the fact. And then the two cases that have considered it and allowed a judge to do that for the appellate review process have said, they've both involved, it's the Bennett case and I believe Palullo, involved detailed factual memorandums where the judge went further and explained his factual findings and conclusions of law and why they arrived at the result. It just can't be said that this page 7 in the record of the amended judgment rises to the level of the type of document of the, quote, amplification of the opinion. It's not to enable us to, on appeal, it's almost to take away the appeal, if you look at it that way. One other thing, what's the standard of review here? Do we have to give due deference? We're applying facts to the law, right, aren't we? I think that the standard is due deference. It's whether or not the court misapplied the guidelines. Thank you. Thank you, Your Honors. Good morning, Your Honors. Glen Moore, Marco, on behalf of the government. I'm hoping to be able to jump on the bandwagon of spinning your wheels here that was suggested at the outset by Judge Greenberg. I do think that the judge gave an indication. I changed my name from bandwagon to Greenberg. I had actually noticed that, Your Honor. Under what exception do we consider, then, that letter or whatever you want to call it? Rule 3.1, I think, is our strongest. Go ahead. Is that really a written amplification, and doesn't it have to be stated in open court? It's an alternative holding, and I think an alternative holding is an amplification of the reasoning. It's giving a new reason for getting to the same result. But do we know what of his reasons apply to that alternate sentence? Do you follow me? He stated some things on the record. There's no question about an imposed sentence. Do we kind of know what he considered in arriving at the conclusion that he would impose the same sentence? Isn't that kind of naked? Doesn't it stand out? I certainly would have preferred more of an exegesis here. But isn't the exegesis that, as Gall says, and the Supreme Court said it for the first time in Gall, I believe, that you have to get the correct guideline. And when we review, we review for errors such as a procedural error at the outset of incorrectly fixing the guideline. So isn't it essential? I know I'm compounding the question, but Gall sets forth a sentencing process that has to begin at the right point. And here Judge Kugler did that in sentencing, but then decided to just attach on to the 71 months without doing all the first steps. Can we sanction that? Actually, we can, Your Honor, and the Supreme Court has as well. I mean, there's no question that the norm is to start with the sentencing guidelines and get it right, but there still is the concept of harmless error, which the Supreme Court endorsed in Williams and which this Court has followed in numerous cases. But how can we say it's harmless when it is stated during the sentencing, a guideline sentence is called for, and then in the flick of an order later, he essentially departs upward, what, some eight months? That's what a 71-month sentence was, an upward departure. Well, I don't want to quibble because I made the mistake myself, but I do think a variance versus a departure may be important here because I do take it that under this circuit's case law. Forget Barron's departure. The 71 months is outside the guidelines. Absolutely, and he would have to go outside the guidelines to get there, and there's no question about that. The question for harmless error is whether or not the judge would in fact impose the same sentence and whether he can impose the same sentence. But who is to show that? The government's burden here. And how can you convince me that he would have? Because that's what he said, Your Honor. But he said a guideline without any opportunity of anybody to argue it. Flick of the switch, oh, by the way. Is that the way we should be dealing with sentencings post-Gaul? Well, there are two questions there. I mean, one question is, you know, when he said a guideline sentence is appropriate, was he taking into account the guideline range that had been calculated where he found that that additional point, you know, was merited? Yeah, he did. It was 63 to 71. Right, but that's the point. So if I am wrong that that additional point was warranted, it may be that I still think that guideline range appropriately takes into account all the 3553A factors and that that's where the individual should be.  But what would really be the harm if we wrote a couple of pages in a little opinion and said, well, we're just not sure, and let him sentence him again and get it right. It is brandishing, and therefore just do it. And if it comes out the same, well, that's a different issue. And, you know, I mean, it's really a little hard to argue against that. I mean, it's – No, Judge Greenberg, I hear you. And obviously, you know, we've gone sort of pretty far along the defense route here in our opening brief and saying, you know, we think the three points is where it should have been. Why did you say that? It's not – you talk about in terms of more than brandishing. It's not brandishing. It's brandishing, displaying, or possessing. And as I read the pre-sentence report, I'm not so sure they weren't right. The way I read it, it says that otherwise used as defined in the commentary to mean the conduct did not amount to the discharge of a firearm, but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon. Well, if I'm standing there and I say I've got a knife and I'm going to basically injure you with it, isn't that more than possessing it? Why did you throw that away? I'm curious to know. There's a hierarchy here, Your Honor. And the otherwise used is the most serious thing that you can do with a dangerous weapon. Yeah, I'm aware of that. And it stayed in his back pocket the entire time. The case law talks about pointing or making use of somehow, and that's the case law. But as Judge Van Antwerpen points out, you know, the guideline itself doesn't really say pointing or – well, certainly this guideline has been criticized because the otherwise used really isn't defined with as much particularity as you ideally would like. On the other hand, I mean, our position remains what defense did, and obviously you're free to disagree and agree with Judge Kugler, and that certainly would be an easy way to decide the case. It certainly makes the other issues go away. To us it's a forest and trees kind of thing. I mean, it never left his back pocket, and that is not the most serious thing you can do with a knife. And when he gave the note that said, I have a knife, he wasn't sort of implicitly saying, but don't worry, I'm not going to use it. So when he made the – Judge Kugler's reasoning was when he made the extra statement, and I'm going to use it if you don't give me the money, that that was directing it towards her. And it just seemed, at least in the government's view and defense view, that this was not the most serious thing he could do with a knife. What brandishing is defined as making the presence of the – either displaying the weapon or making its presence known in order to intimidate. Yes, that's what he did. If he had said, I've got a knife, I would agree with you. But he said – he didn't say just, I've got a knife. He said, I'm going to use it. Wouldn't that be – But I think that was implied in I have a knife. He wasn't saying, I have a knife, but don't worry, you're safe because I'm not taking it out of my pocket. When he said, I have a knife, it was implicit, and I'm going to use it if I need to. So give me the money. And if, you know, again, the ones with the gun, they differentiate between just waving it around and saying, give me the money, Judge Van Antwerpen. Rule in my favor. Now you wish you were Judge Greenberg, right? But I do want to get to the question of, you know, why are we here? And if you're going to write an opinion, I mean, I do think it's important that you leave open the possibility that even though I think in this record, if you conclude that this wasn't as much detail as you want, we do want to leave open the possibility for judges to do this in the future. I mean, there's the Crosby case out of the Second Circuit that came out right after the guidelines, and I think got it kind of right, where a judge says, you know, this is really – You mean after the fact or you mean at the sentencing? At the sentencing, right. Oh, yeah. If we leave open the judge saying, this is a really tough guidelines issue, and it could be three, it could be four, I'm not sure. But I think, you know, 71 months is about right whether I put it in here or not. And certainly, again, there's ample – And that may lay bare the entire problem with this situation because it wasn't at sentencing. It wasn't out loud. It wasn't with the procedural regularity. It was a, oh, by the way, bam. And yet it ends up that the process was never followed. And what you're saying is don't focus so much on the process, but focus on the fact that at sentencing a judge says, well, that's not before us. But that lays bare, in fact, the problem I see with what happened here, that it wasn't at sentencing. And I think it's a difficult issue as to whether we should countenance this type of, oh, by the way, and even if it's a departure, it's okay. Yeah. And let me explain how this sort of arose, because I don't think this is sort of our standard operating procedure necessarily. Well, that would be good to know. Yeah. Anytime we have an issue that we lose, we just ask the judge to say, oh, say it didn't matter. But I think in this case, you know, we came to the conclusion fairly quickly, rightly or wrongly, that we didn't find that the four levels were supportable under these facts. Maybe we were wrong there. And so we just had to come to a conclusion, are we going to confess error outright, or are we going to make a harmless error argument? And you're going to make it easy for us, right? It's not always that simple. Well, I think there was a question of, you know, are we going to be just spinning our wheels? I mean, it is in the record that Judge Kugler takes a dim view of bank robbery cases, and he tends to be an outside guy. Most people do. Well, but I mean, he thinks that the guidelines for bank robbery are actually too lenient. Now, we now know from the Supreme Court that that's an okay basis pretty much to sort of do what you want. But he said 71 at the top of the guideline. He didn't go above it. Yeah. You know, you really haven't – we really – I think, Mitch, by implication, and I raised 3553C, the requirement that the court state its reasons for a sentence in open court. Let's zero in on that for a minute. In your view, this is adequate under local appellate rule 3.1? We don't have a problem with that open court? Well, I don't know if it's confrontation or not. I haven't researched it. But what are you saying? Well, we have the Bennett case out of this circuit in which there was – I believe that was significant application all about sentencing issues. But let me take a quick check and make sure I'm not making that up. U.S. v. Bennett. The sentencing memorandum. I'm looking, too. I think that was all sentencing amplification. Yeah, here it is, 161. Yeah, allowed consideration of supplementary memorandum simply contain a more comprehensive – But this is a 98 case. Yeah. This is not under the construct that we now have of start with a guideline, get it right, go through 3553, and that's your sentence. Well, start with a guideline and get it right has always been the rule. But in Flores, which this court decided I think just last year – I don't know if I have the date right, but certainly is more recent – the court said there were – basically the judge had departed downward, and then the individual raised four claims of sentencing error. And this court said we don't need to reach any of those because the departure was so low that even if he won all four, it doesn't matter. Yeah, that was in the 3230 month. Well, as we simply said in about a page, look, we think that the government and the defendant are right. This is a brandishing case. We're also not sure in view of the statement of the guideline. The judge thinks it's a guideline sentence what he really should have done, what he really would have done if he had had it. And therefore, we're just going to remand it, let him sentence again. I'm not going to fight to the death on this particular one. I would prefer a memorandum opinion to a precedential one that might – Depending upon which way we go. – that might suggest, again, that I understand the concern the court has that the better practice is that all this occur in open court when it happens. I do take seriously now that we have – Well, that wouldn't really matter then. The open court issue is dead at that point. Whether it's open court or not, we wouldn't even reach it. Is this a practice? This is the only time I know of in the District of New Jersey that we – This is the only time, to my knowledge, that we've done this in the District of New Jersey. Frankly, it's an unusual situation. I mean, normally when the government comes in and says three points and the defense comes in and says three points, the judge says, okay, three points. The way I suspect, again, Judge Van Antorp and if you disagree, you can certainly write an opinion or dissent on it. Actually, I wrote a law review article advocating that federal judges file 1925B opinions, like they do in state court in Pennsylvania, and I think in New Jersey too, in which after an appeal is taken, there's a statement of the issues complained of and the judge can then address it. My clerks thought it was a pretty good article, but it hasn't received – And clerks have a way of thinking what you feel is okay. But it hasn't gotten much – there hasn't been much movement beyond that. Yeah. Well, I mean, I think we've sort of covered the position. I'm happy to yield the remainder of time to my opposing counsel. Okay. Thank you. How do we get around Bennett, which seems to say we can, as precedential opinion in this circuit, that we can consider that statement of issues filed after the fact, that statement I would have imposed the same sentence anyhow? I think that you can get around it by finding that factually the wrongly worded sentence that was put in the imprisonment section of the judgment, it was not even placed in the statement of reasons as the government had asked. It does not qualify as an amplification of the judge's opinion in any way. And, Your Honor, I would like to address and actually disabuse Your Honor, if possible, of the notion that this case warrants application of otherwise used rather than brandish. And what I'd like to do is just to read to you the definitions of brandish and otherwise used. Sure. But before I do that, I'd like to point out that Your Honor indicated that the problem is with my client's statement, I'm going to stab you, which seems to be a direct threat. If you look at the bank robbery guidelines, where a firearm is brandished or possessed, it's increased by five levels. If a dangerous weapon is otherwise used, increased by four levels. If a dangerous weapon is brandished or possessed, increased by three levels. And finally, if a threat of death was made, increased by two levels. So the conduct that Your Honor is concerned with is dealt with in the guidelines, and he would get two points for saying, I'm going to stab you. The fact that a knife was on his person, I agreed and the government agreed, made this even worse than just a threat of death. There was a dangerous weapon present. It was brandished or possessed. And both sides agreed that that was the situation. Otherwise used has to be more than brandished, and I think that's exactly the definition of otherwise used. Otherwise used with reference to a dangerous weapon means the conduct did not amount to the discharge of a firearm, but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon. And the record facts in this case show that there wasn't anything more than that. And when Judge Kugler asked us to take a break and consider the Johnson case, which involved defendants using sledgehammers and bats, although I'm not asking for a ruling from any court that any time of what the brandish guideline clearly says, whether it's visible or not is not necessary for brandishing. But I would submit that for otherwise used, and there may be ways to do it without it being visible, but the cases to date have all said the person has to see the weapon in order for it to have been otherwise used. And I tried to think of ways where could there be... Unless it was a gun in a pocket, you know, pointed out from under the jacket, but not outside, still pointed. Right, but that's brandish. How about Wilson, the bomb? That was my case as well. And I stood here and argued long and hard that that was not otherwise used, but... They didn't take it out, did they? It was concealed in a backpack. But it was placed on the counter, and it was pointed at the teller, and then I think the fact that the... And he used it to strike fear. He had a cell phone, and he specifically said that my cell phone can set that off. And so I think that that made... I'm trying to think whether I wrote that case. It's difficult. I think the problem in that case was that Judge Simandl and everyone found, well, it's difficult to, quote, point a bomb, but, boy, if anyone ever pointed a bomb, it was... That happened in that case. So, but here, the knife stayed in the pocket. He referred to it, and that's exactly what brandish calls for. So for all of those reasons, Your Honors, I would ask that this court reverse and remand the case to Judge Kugler for recess. Thank you, counsel. Case was well argued. We'll take it under advisement. Ask the clerk to recess the court. Have a safe trip home. Yeah, everybody. This court stands at recess. That was a great note. Thank you.